**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES DOUGLAS SHUFFIELD,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　　Defendant. | Case No. 2:12-cv-00243-KJD-PAL<br><br>**ORDER**<br><br>(IFP App - Dkt. #1) |

Plaintiff James Douglas Shuffield has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and submitted a Complaint (Dkt. #1). This proceeding was referred to this court by Local Rule IB 1-9.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

/ / /

deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Plaintiff's Complaint challenges a decision by the Social Security Administration ("SSA") denying his disability benefits. Before Plaintiff can sue the SSA in federal court, he must exhaust his administrative remedies. 42 U.S.C. § 405(g). Once Plaintiff has exhausted his administrative remedies, he can obtain review of an SSA decision denying benefits by commencing a civil action within sixty days after notice of a final decision. *Id.* An action for judicial review of a determination by the SSA must be brought in a District Court of the United States for the judicial district in which the Plaintiff resides. *Id.* The complaint should state the nature of Plaintiff's disability, when Plaintiff claims he became disabled, and when and how he exhausted his administrative remedies.

The Complaint should also contain a plain, short, and concise statement identifying the nature of Plaintiff's disagreement with the determination made by the Social Security Administration and show that Plaintiff is entitled to relief. A district court can affirm, modify, reverse, or remand a decision if Plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether the correct legal standards were applied. *Morgan v. Commissioner of the Social Security Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

All claimants must exhaust the administrative remedies set forth in 42 U.S.C. § 405(g) to invoke this court's jurisdiction. *See Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curium)

1  ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party
2  to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim").
3  Generally, if the SSA denies a claimant's application for disability benefits, he can request
4  reconsideration of the decision.  If the claim is denied at the reconsideration level, a claimant may
5  request a hearing before an Administrative Law Judge ("ALJ").  If the ALJ denies the claim, a claimant
6  may request review of the decision by the Appeals Council.  If the Appeals Council declines to review
7  the ALJ's decision, a claimant may then request review by the United States District Court.  *See*
8  *generally* 20 C.F.R. §§ 404, 416.  Plaintiff alleges that on December 13, 2011, the Appeals Council
9  denied his request for review, and the ALJ's decision became the final decision of the Commissioner.
10  Thus, it appears Plaintiff has exhausted his administrative remedies.
11       Based on the foregoing,
12       **IT IS ORDERED** that:
13       1.   Plaintiff's request to proceed *in forma pauperis* is GRANTED.  Plaintiff shall not
14            be required to pay the filing fee of three hundred fifty dollars ($350.00).
15       2.   Plaintiff is permitted to maintain this action to conclusion without the necessity of
16            prepayment of any additional fees or costs or the giving of a security therefor.  This
17            Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of
18            subpoenas at government expense.
19       3.   The Clerk of Court shall file the Complaint.
20       4.   The Clerk of the Court shall serve the Commissioner of the Social Security
21            Administration by sending a copy of the summons and Complaint by certified mail to:
22            (1) General Counsel, Social Security Administration, Room 611, Altmeyer Bldg., 6401
23            Security Blvd., Baltimore, Maryland 21235; and (2) the Attorney General of the United
24            States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400,
25            Washington, D.C. 20530.
26       5.   The Clerk of Court shall issue summons to the United States Attorney for the District of
27            Nevada and deliver the summons and Complaint to the U.S. Marshal for service.
28  / / /

6. From this point forward, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to the defendants or counsel for the defendants. The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate of service.

Dated this 12th day of March, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE