**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES D. SHUFFIELD,           )<br>                                          )<br>                   Plaintiff,     )<br>                                          )<br>vs.                                      )<br>                                          )<br>MICHAEL J. ASTRUE,          )<br>                                          )<br>                   Defendant.  )<br>_____) | Case No. 2:12-cv-00243-KJD-PAL<br><br>**SCHEDULING ORDER** |

This case involves judicial review of administrative action by the Commissioner of Social Security, denying Plaintiff's claim for disability benefits under Title II of the Social Security Act. Plaintiff submitted an Application to Proceed In Forma Pauperis (Dkt. #1) on February 16, 2012.  In an Order (Dkt. #2) entered March 12, 2012, the court granted Plaintiff's Application and screened the Complaint (Dkt. #3) pursuant to 28 U.S.C. § 1915.  The court directed the Clerk of Court to file the Complaint and effect service of process on Defendant.  *See* Order (Dkt. #3).  Defendant filed an Answer (Dkt. #10) May 22, 2012, along with a certified copy of the administrative record (the "A.R.").  *See* Notice of Manual Filing (Dkt. #11).  No additional motions or pleadings have been filed.

The court recognizes that many of these cases have a number of factors in common:

1. Such cases rarely, if ever, require any proceedings in the nature of a trial.  Instead, these cases are usually resolved by cross-motions to reverse or remand and to affirm the Commissioner's decision.

2. Sometimes a plaintiff submits new medical reports to the court in support of a request for remand at such a late date in the proceedings as to cause an unnecessary and undesirable delay in the rendering of a decision by the court.

/ / /

3. The transcript of the evidence adduced at the administrative hearing frequently contains the words "inaudible" or "illegible" in some places, and the A.R. sometimes contains documents which are illegible. These parts of the A.R. may or may not relate to the question of whether the Commissioner's decision is supported by substantial evidence.

**THEREFORE, IT IS ORDERED:**

1. In the event Plaintiff intends to request a remand of this case on the basis of new medical evidence, he shall file a motion to remand in this Court based on new medical evidence no later than **July 25, 2012,** with a copy of the evidence attached to the motion, and shall serve a copy of the motion and medical evidence on the:

> United States Attorney
> District of Nevada
> 333 Las Vegas Boulevard South
> Room 5000
> Las Vegas, NV 89101

2. In the event Plaintiff serves a motion for remand on the basis of new medical evidence on the Defendant, Defendant shall have thirty days from the date of service of such motion to file either a notice of voluntary remand of the case or points and authorities in opposition to the plaintiff's motion. Plaintiff may file a reply to Defendant's opposition within twenty days of service of the opposition.

3. If Plaintiff seeks remand for consideration of new medical evidence, the motion shall include a statement of reasons why the new evidence was not incorporated into the record at an earlier stage. Under 42 U.S.C. § 405(g) remand for reconsideration of new evidence will not be granted unless the evidence is new and material and there is a showing of good cause for failure to incorporate the evidence into the record at an earlier stage.

4. In the event Plaintiff does not file a motion to remand on the basis of new medical evidence, he shall, no later than **July 25, 2012,** file a motion for reversal and/or remand.

5. If Plaintiff files a motion for reversal and/or remand, it shall include:

   (a) A specification of each and every condition or ailment, or combination thereof, that allegedly renders Plaintiff disabled and is allegedly supported by evidence contained in the A.R.

///

(b) A complete summary of all medical evidence in the A.R. that supports Plaintiff's claim of disability for each condition or ailment specified in subparagraph 5(a) above, with precise references to the applicable portions of the A.R. This summary shall not include medical evidence unrelated to the conditions or ailments upon which Plaintiff's claim or claims of disability are based. Alternatively, Plaintiff may stipulate that the Administrative Law Judge fairly and accurately summarized the medical evidence contained in the A.R.

(c) A complete summary of all other evidence adduced at the administrative hearing that supports Plaintiff's claim of disability for each condition or ailment specified in subparagraph 5(a) above, with precise references to the applicable portions of the A.R. Alternatively, Plaintiff may stipulate that the Administrative Law Judge fairly and accurately summarized the evidence adduced at the administrative hearing.

(d) With respect to each condition or ailment specified in subparagraph 5(a) above, a complete but concise statement as to why the A.R. does not contain substantial evidence to support Defendant's conclusion that Plaintiff is not disabled by any condition or ailment, or combination thereof.

6. If Defendant does not filed a notice of voluntary remand, and the issues set forth in Plaintiff's motion to reverse and/or remand relate to the A.R., Defendant shall file a cross-motion to affirm in lieu of an opposition to Plaintiff's motion within thirty days of service of Plaintiff's motion for reversal and/or remand. Defendant's cross-motion to affirm shall include:

(a) With respect to each disabling condition or ailment specified by Plaintiff, a complete summary of all medical evidence in the record that Defendant contends is substantial evidence to support the administrative determination that Plaintiff is not disabled due to such condition or ailment or combination thereof. This summary shall not include medical evidence unrelated to conditions or ailments upon which Plaintiff's claim or claims of disability are based. Alternatively, Defendant may stipulate that the Administrative Law Judge fairly and accurately summarized the medical evidence contained in the A.R.

(b) With respect to each disabling condition or ailment specified by Plaintiff, a complete summary of all testimony adduced at the administrative hearing, including the

3

Administrative Law Judge's findings, if any, concerning the credibility of witnesses, that Defendant contends is substantial evidence to support the administrative determination that Plaintiff is not disabled due to such condition or ailment, or combination thereof.  Alternatively, Defendant may stipulate that the Administrative Law Judge fairly and accurately summarized the testimony adduced at the administrative hearing.

    (c)    A statement as to whether there are any inaccuracies in the summaries filed by Plaintiff in response to paragraphs 5(b) and 5(c) of this Order.  If Defendant believes Plaintiff's summaries are inaccurate, Defendant shall set forth what additions or corrections are required (with appropriate references to the A.R.) in order to make the summaries accurate.

    (d)    The lay definitions of all medical terms contained in the record necessary to be understood in order to determine whether Defendant's decision is supported by substantial evidence.

7.    The motions filed by Plaintiff and Defendant pursuant to paragraphs 5 and 6 of this Order shall contain points and authorities addressing the legal issues involved in this case, rather than the principles of law applicable to Social Security cases in general.

8.    Plaintiff shall be deemed to have acceded to the accuracy of the summaries supplied by Defendant in response to subparagraphs 6(a) and 6(b) of this Order, and to all definitions of medical terms supplied by Defendant in respect to subparagraph 6(d) of this Order, unless within twenty days after being served with Defendant's motion to affirm, Plaintiff files and serves a document setting forth:

    (a)    How Defendant's summaries are inaccurate;

    (b)    What additions or corrections are required (with appropriate references to the A.R.) in order to make the summaries accurate; and/or

    (c)    Any definitions of the medical terms that Plaintiff contends are more accurate than the definitions supplied by Defendant.

9.    The motions filed by both Plaintiff and Defendant shall also contain the following:

    (a)    A statement regarding whether the administrative hearing transcript can be adequately comprehended in spite of the fact that it may contain the words "inaudible" or

"unintelligible" in one or more places, and specifying any portion of the transcript where testimony relating to the particular issues of this case cannot be adequately comprehended.

      (b)    A specification of each page in the A.R. that is partially or totally illegible, including a statement whether the page contains information needed to understand any issue presented in this case.

10.    Oral argument shall be deemed waived, and the case shall stand submitted unless argument is ordered by the court or requested, pursuant to Local Rule 78-2, by one of the parties within ten days following the filing of the last document required by this Order. Even if one or both of the parties requests oral argument, the final decision regarding the necessity of oral argument remains with the court.

11.    Failure of a party to file a motion or points and authorities required by this Order may result in dismissal of the action or reversal of the decision of the Commissioner of Social Security, as may be appropriate.

Dated this 22nd day of June, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE