# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES D. SHUFFIELD, | |
| Plaintiff, | Case No. 2:12-CV-00243-KJD-PAL |
| v. | **ORDER** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Presently before the Court is Plaintiff's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) (#24). Defendant filed a Response (#26). Additionally, the attorney for Plaintiff agrees to reimburse Plaintiff $3,400.00 in Equal Access to Justice Act ("EAJA") fees already received from the SSA (#24, 2:4).

I. Background

After being denied benefits by the Social Security Administration ("SSA"), James D. Shuffield ("Plaintiff") retained an attorney and agreed to a 25% contingency fee on any past-due benefits that might be awarded by the SSA (#24, 11:9). Following the Court's stipulated remand the Commissioner ("Defendant") awarded past-due benefits of $131,965.00 to Plaintiff (#24, 4:5–8).

///

II. Legal Standard

Under 42 U.S.C. § 406(b)(1)(A) district courts are to determine what attorney fees are "reasonable" for Social Security Disability Insurance ("SSDI") claimants, but those fees must not exceed "25 percent of the total past-due benefits to which the claimant is entitled." In determining what are reasonable attorney fees, this Court follows the approach outlined in the *en banc* Ninth Circuit decision Crawford v. Astrue, 586 F.3d 1142 (9th Cir. 2009). The reviewing court must respect "the primacy of lawful attorney-client fee agreements," but also test them "for reasonableness." Crawford , 586 F.3d at 1148. Crawford, a consolidation of three separate cases (Crawford, Trejo, and Washington), applied the factors articulated by the Supreme Court in Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). Fees may be reduced by the court "if the attorney [1] provided substandard representation, or [2] engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or [3] if the benefits are large in comparison to the amount of time counsel spent on the case." Id. at 1148. See Gisbrecht, 535 U.S. at 808 (court should prevent "windfalls for lawyers"). To determine whether the contingency fee is unreasonable the court may require the attorney to provide a statement of the number of hours worked on the case, and the attorney's regular hourly rate. Crawford, 586 F.3d at 1148. "The attorney bears the burden of establishing that the fee sought is reasonable." Id. at 1148.

III. Analysis

Counsel for Plaintiff is asking the Court to approve a contingency fee of $32,991.25, which is 25% of the total $131,965.00 past-due benefits awarded to Plaintiff. The attorney fees are thus at the 25% cap allowed by 42 U.S.C. § 406(b). There is no evidence that Plaintiff's attorney provided "substandard representation," or that he was "dilatory." To the contrary, counsel billed only 22 hours on this case. Plaintiff has been served with a notice of this motion and has made no objection (#24, 13).

As no evidence has been provided of "substandard representation," or "dilatory conduct," the remaining question before the Court is whether "the benefits are large in comparison to the amount

of time counsel spent on the case"; does the 25% contingency fee represent a "windfall"? In answering this question the court may use as an aid the number of hours worked on the case and the attorney's regular hourly rate. Counsel worked for 22.2 hours on this case (#24, 4:16). 25% of the total $131,965.00 past-due benefits awarded to Plaintiff is $32,991.25. Therefore, counsel's hourly rate for this case is $1,486.09.

"The attorney bears the burden of establishing that the fee sought is reasonable." Crawford, 586 F.3d at 1148. Counsel argues that the hourly rates for the Crawford and Trejo portions of the Crawford decision, after awarding past-due benefits, were effectively and respectively $875 and $902. Crawford, 586 F.3d at 1153. (Clifton J. concurring in part and dissenting in part). However, counsel fails to point out that for neither of these awards did the attorney ask for the full 25% contingency fee. In the Crawford portion the attorney requested 16.95% of the total. Crawford, 586 F.3d at 1145. In Crejo the attorney asked for only 13.94%. Id. at 1146. Counsel argues that his rate ($1,486.09) is comparable, but in reality it is over $500 more per hour than the highest hourly rate in Crawford. Counsel quotes from unpublished decisions, such as Johnson v. Astrue, 473 Fed. Appx. 799, 800 (June 14, 2012 9th Cir.), to show that there have been cases where the full 25% contingency fee was granted, and the total amount ($48,547) was higher than the amount he is requesting. However, counsel neglected to mention that the attorney in Johnson had worked a total of 73.3 hours. See 2:07-cv-01509-PMP-PAL at Docket No. 42 (5:13). Therefore, the attorney's effective hourly rate was $662.31 per hour. Counsel has brought forth other unpublished cases where the 25% contingency fee was granted. See Saxton v. Astrue, 2010 WL 536907 (N.D. Cal. 2010). But the hourly rate in Saxton was $488.75. Id. And lastly, in Frey v. Astrue, 2012 WL 443855 (E.D. Cal. 2012), the Court awarded the full 25% contingency fee of $17,603.35. But in that case the attorney had worked 20.25 hours, giving the attorney an hourly rate of $869.30.

Another factor not brought forward by counsel in support of his request for the full 25% fee was made clear in the Crawford decision. The attorney in Crawford claimed that the average attorney representing SSDI claimants could expect to be paid in only about 35% of the cases. Crawford, 586

F.3d at 1145. Since nearly two-thirds of SSDI cases will end up yielding no money, it seems fair and reasonable to take into consideration the risk attorneys have assumed in taking such. Therefore, on one side the Court considers both the risk assumed by counsel, and the "primacy" of the contingency fee agreement; and on the other side, the Court weighs its duty to prevent "windfalls." In balancing these interests it seems reasonable and fair to grant counsel the highest hourly rate approved by the Court in Crawford, which is around $900 per hour. Applying it to this case: $900 × 22.2 hours = $19,980.00. This amount is 15.14% of the total past-due benefits awarded, a reasonable percentage in light of the percentages granted in Crawford and Crejo, and the facts of this case.

IV. Conclusion

Accordingly, Plaintiff's Motion for Attorney Fees (#24) is **HEREBY GRANTED** in the amount of $19,980.00;

**IT IS FURTHER ORDERED** that the Clerk of the Court order the payment of attorney fees in the amount of $19,980.00 to Plaintiff's attorney, Marc V. Kalagian, and further order counsel to reimburse Plaintiff the amount of $3,400.00 for the EAJA fees previously received, and to release the balance of the past-due benefits to the Plaintiff.

DATED this 15th day of May 2014.

_____
Kent J. Dawson
United States District Judge